CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
JAN 3 1 2018
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal Action No. 5:11-cr-00007-1 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| BRIAN WILLIAM MILLER, | ) | By: Hon. Michael F. Urbanski |
| Petitioner. | ) | Chief United States District Judge |

Brian William Miller, a federal inmate proceeding pro se, filed his second motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. This matter is before the court for preliminary review pursuant to Rule 4 of the Rules Governing § 2255 Proceedings. After reviewing the record, the court dismisses the motion as untimely filed.

**I.**

The court entered Petitioner's criminal judgment on March 7, 2012, sentencing him to, inter alia, 120 months' incarceration after Petitioner pleaded guilty to one count of knowingly transporting child pornography via interstate commerce, in violation of 18 U.S.C. §§ 2252A and 2256. Part of this sentence was based on a five-level enhancement to the United States Sentencing Guidelines ("U.S.S.G.") Base Offense Level for using a "peer-to-peer" file-sharing network under U.S.S.G. § 2G2.2(b)(3)(B). Petitioner did not appeal.

Petitioner voluntarily withdrew his first § 2255 motion less than one month after filing it, and he filed his second § 2255 motion no earlier than October 16, 2017. The court conditionally filed the second motion, advised Petitioner that it appeared untimely, and gave him the opportunity to explain why the court should consider the motion timely filed. Petitioner argues that the § 2255 motion is timely filed within one year of November 1, 2016, which was the effective date for Amendment 801 of the United States Sentencing Guidelines.

Petitioner argues that Amendment 801 revised United States Sentencing Guideline § 2G2.2(b)(3)(B) to specify that a <u>mens</u> <u>rea</u> of "knowingly" must be proven prior to applying an enhancement for using a peer-to-peer network. As explained in the commentary to the Amendment, which quoted commentary to the amended section, Amendment 801 was enacted to clarify that the five-point increase was only proper in part when "the defendant agreed to an exchange with another person under which the defendant knowingly distributed to that other person for the specific purpose of obtaining something of valuable consideration from that other person, such as other child pornographic material . . . ." Amendment 801, Reason for the Amendment at 145, Supplement to App'x C to the U.S.S.G. manual, Nov. 1, 2016. Petitioner cites <u>United States v. McManus</u>, 734 F.3d 315, 322 (4th Cir. 2013), in support of requiring a "knowing" <u>mens</u> <u>rea</u> to guideline 2G2.2(b)(3)(B).

## II.

Courts and the public can presume that a defendant stands fairly and finally convicted after conviction and exhaustion, or waiver, of any right to appeal. <u>United States v. Frady</u>, 456 U.S. 152, 164 (1982). Nonetheless, federal convicts in custody may attack the validity of their federal sentences by filing motions pursuant to 28 U.S.C. § 2255 within the one-year limitations period. This period begins to run from the latest of: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral

review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f).

Petitioner's criminal judgment became final in March 2012 when the time expired to appeal to the Court of Appeals for the Fourth Circuit. See Clay v. United States, 537 U.S. 522, 524 (2003) (stating a conviction becomes final once the availability of direct review is exhausted). Accordingly, for purposes of § 2255(f)(1), Petitioner had until March 2013 to timely file a § 2255 motion, but he did not file the instant motion until October 2017.[1] See Rule 3, R. Gov. § 2255 Proceedings (discussing prison-mailbox rule for § 2255 motions).

Petitioner argues that the motion should be considered timely filed because Amendment 801 was effective starting November 1, 2016. Consequently, Petitioner believes he had until November 1, 2017, to file the § 2255 motion. However, Amendment 801 does not trigger a limitations period in § 2255(f). Furthermore, an amendment to a sentencing guideline is not a "fact" that triggers § 2255(f)(4). See Whiteside v. United States, 775 F.3d 180, 183-84 (4th Cir. 2014) (recognizing changes in law do not constitute a "fact" under § 2255(f)(4)). Moreover, United States v. McManus, 734 F.3d 315, 322 (4th Cir. 2013), does not trigger § 2255(f)(3). Consequently, § 2255(f)(1) is the appropriate limitations period, and Petitioner filed the instant motion more than one year after his conviction became final.

Equitable tolling is available only in "those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (internal quotation marks omitted) (citing Harris v. Hutchinson, 209 F.3d 325,

---

[1] The first, withdrawn § 2255 motion does not affect the one year limitations period, but even if it did, it would not make the second motion timely filed. See, e.g., Trenkler v. United States, 268 F.3d 16, 22-24 (1st Cir. 2001); United States v. Prescott, 221 F.3d 686, 689 (4th Cir. 2000).

3

330 (4th Cir. 2000)). Thus, a petitioner must have "been pursuing his rights diligently, and . . . some extraordinary circumstance stood in his way" to prevent timely filing. Holland v. Florida, 560 U.S. 631, 649 (2010). The court does not find any extraordinary circumstance in the record that prevented Petitioner from filing a timely § 2255 motion. See, e.g., United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (noting pro se status and ignorance of the law does not justify equitable tolling); Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999) (noting that unfamiliarity with the law due to illiteracy or pro se status does not toll the limitations period). Accordingly, the court finds that Petitioner filed the § 2255 motion beyond the one-year limitations period, Petitioner is not entitled to equitable tolling, and the § 2255 motion must be dismissed.

## III.

For the foregoing reasons, the motion to vacate, set aside, or correct sentence is dismissed. Based upon the court's finding that Petitioner has not made the requisite substantial showing of a denial of a constitutional right as required by 28 U.S.C. § 2253(c) and Slack v. McDaniel, 529 U.S. 473, 484 (2000), a certificate of appealability is denied.

ENTER: This 31st day of January, 2018.

/s/ Michael F. Urbanski
Chief United States District Judge